LYONS, JUDGE:
This claim came on for consideration upon a request for an advisory determination under Chapter 14, Article 2, Section 18 of the West Virginia Code, 1931, as amended. The Department of Highways, as petitioner, requested the Court to provide a legal interpretation of subsections 207.3.1 and 207.15 of the West Virginia Department of Highways, Special Provision 207 - Excavation and Embankment, dated April 21, 1977, revised on January 5, 1978.
Section 207.3.1 provides as follows:
“Slopes: Slope lines shall conform to the lines and grades shown on the Plans or established by the Engineer within the following tolerances: For all slopes back of the ditch line a construction tolerance of plus or minus one foot, measured in a horizontal plane, will be permitted. No change will be permitted in the width, grade or dimensions of the roadway ditch due to the tolerance. The slope may be varied only by permission of the Engineer. Slopes shall be trimmed neatly to present a uniform surface, free from hollows or protrusions and loose or overhanging rocks. Slopes shall not be undercut. The tops of all slopes, except where the material is of solid rock, shall be founded as shown on the Plans.
The Contractor shall take precautions by benching or other methods, as directed by the Engineer, to prevent slides and slipouts.
*21 In all roadway cuts, including areas where ledges of rock or hard shale, boulders, coal or other solid formations are encountered at or near subgrade elevation, the excavation shall be carried to a minimum depth of six inches below the surface of the subgrade for the full cross section width of the roadway between the ditches. The surface of all areas excavated below subgrade elevation shall be graded in such a manner that undrained pockets are eliminated before placing subgrade material. Excavation to the six-inch limit will be paid for at the contract unit price bid for ‘Unclassified Excavation’. Excavation made below this six-inch limit will not be paid for.”
Subsection 207.15 of the Special Provision states as follows:
“The quantity of unclassified excavation work done under this item will be measured in cubic yards of ‘Unclassified Excavation’, which shall be the material actually moved and disposed of as herein prescribed, measured in its original position and determined from the cross sections by the method of average end areas. The quantity of unclassified excavation for payment will be the number of cubic yards as hereinafter further described. The quantities shall be computed using the cross section areas shown on the Plans with deductions from or additions to such cross section areas in accordance with 109.2 and authorized deviations. The quantity for payment will be to plan lines for material excavated in accordance with the construction tolerance set forth in 207.3.1 except as hereinafter provided. In no case where the tolerance line has not been reached will the quantity for payment exceed the quantity actually excavated; unless otherwise authorized, the Contractor will be required to continue or resume excavation until within tolerance rather than receive payment for a lesser (out-of-tolerance) excavated quantity.
No material removed beyond the slope lines or below the grade line shown on the Plans, except as provided in 207.3.1 and 207.9, will be included for payment unless authorized in writing by the Engineer. When authorized by the Engineer in writing, payment will be made for material excavated beyond plan slope lines when removal is necessary due to slides or unusual rock *22 formation and is not due to carelessness, overshooting or negligent construction methods on the part of the Contractor.
The quantity of subgrade work done under this item will be the number of cubic yards of ‘subgrade’ established in the Proposal, subject to adjustment as provided for in 104.2 and 109.2. Any additional work beyond the scope of the original Plans but authorized by the Engineer will be measured in cubic yards, compacted in place, and paid for at the unit bid price for subgrade, subject to the provisions of 104.2.
Subgrade constructed outside the lines, dimensions and cross sections shown on the Plans or designated by the Engineer will not be measured for payment.”
As pointed out by the Petitioner’s counsel, the fundamental questions are as follows: (1) Does subsection 207.15 or the Court’s decision in Vecellio & Grogan, Inc. v. Dept. of Highways, 12 Ct.Cl. 294 (1979) require the Department to pay the contractor for material not actually moved in front of the Plan slope line above the subgrade in the event such work falls within the one foot (1 ft.) tolerance in front or the Plan slope line permitted by subsection 207.3.1? (2) Does subsection 207.15 or the Court’s holding in Vecellio and Grogan, Inc., require the Department to pay the Contractor for material actually moved behind the Plan slope line above the subgrade in the event such work falls within the one foot tolerance behind the Plan slope line permitted by subsection 207.3.1? The evidence indicated in the Vecellio & Grogan case that a contractor could vary somewhat from the Plan slope line and that it was practically impossible to stay within the Plan line of the slopes using the pre-splitting technique.
Therefore, this Court granted a tolerance of one foot on each side of the Plan line. The intention was to permit equity to prevail in case the contractor strayed somewhat from the Plan line. It was not the intention of this Court to allow the contractor to vary from the Plan line and also to be paid for the material removed beyond the Plan line. The contractor enters into an agreement with the Department of Highways to remove material from the Plan line and to allow him to vary from the Plan line and to be paid for the variance would be improper. The contractor’s contract with the State of West Virginia Department of Highways and his bid was based upon removing material from one point to another point and the quantity removed would be measured from Plan line to the other Plan line. To vary from this proposition would create too many uncertainties.
*23 From a careful reading of the Specifications under consideration in this advisory opinion, the Court has concluded that the respondent clearly intended to permit a tolerance of 12 inches in front of the plan line. However, the respondent did not intend to permit the tolerance beyond or in back of the Plan line which would obviously result in increased expenses to the respondent.
Therefore, this Court holds that subsection 207.15 requires the Department to pay the contractor for material not actually moved in front of the Plan slope line above the subgrade in the event such work falls within the one foot tolerance in front of the Plan slope line as permitted by subsection 207.3.1. Subsection 207.15 does not require the Department to pay the contractor for material actually moved behind the Plan slope line above the subgrade in the event such work falls within the one foot tolerance behind the Plan slope line permitted by subsection 207.3.1.